IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 21-mc-206-JWL |
| INTEGRITY ADVANCE, LLC and JAMES R. CARNES, | ) ) ) ) |
| Respondents. | ) ) ) |

## **MEMORANDUM AND ORDER**

In this miscellaneous case, petitioner Consumer Financial Protection Bureau ("the Bureau") seeks an order and judgment enforcing its own Final Order of January 11, 2021, that imposed obligations on respondents Integrity Advance, LLC ("Integrity") and James Carnes ("the Final Order"). The Court **grants** the petition.

In the Final Order, the Bureau ordered respondents to pay restitution in the amount of $38,453,341.62; Integrity to pay a civil penalty of $7,500,000; and Mr. Carnes to pay a civil penalty of $5,000,000. Respondents were ordered to pay those amounts within 30 days, but the Final Order further provided that if respondents appealed the decision to the Tenth Circuit, they could instead pay those amounts to an escrow account within 30 days. The Final Order also required respondents to "cooperate in assisting the Bureau in

determining the identity, location, and amount of restitution due to each consumer entitled to redress."

It is undisputed that respondents have not paid the restitution or civil penalty amounts either to the Bureau or to an escrow account as required by the Final Order. The Bureau has thus filed a petition in this Court seeking enforcement of its Final Order. The Court previously ordered respondents to show cause why the petition should not be granted. Mr. Carnes filed a response brief, to which the Bureau replied. Integrity did not respond to the show cause order, and no attorney has entered an appearance in this matter on its behalf; thus Integrity does not oppose the relief sought by the Bureau. On July 27, 2021, the Court conducted a telephone hearing at which the Court heard argument on the petition from counsel for the Bureau and counsel for Mr. Carnes, and the Court is now prepared to rule.

12 U.S.C. § 5563 authorizes the Bureau to conduct proceedings to enforce consumer protection laws. *See id.* § 5563(a), (b). Any party to such a proceeding may appeal an order issued by the Bureau to a federal court of appeals, which court shall have exclusive jurisdiction to affirm, modify, terminate, or set aside (in whole or in part) the order. *See id.* § 5563(b)(4). The commencement of such an appeal does not operate as a stay of the Bureau's order unless such a stay is specifically authorized by the appellate court. *See id.* § 5563(b)(5). Respondents appealed the Final Order to the Tenth Circuit pursuant to this provision, and that appeal is presently being briefed by the parties; respondents did not seek a stay of the Final Order from that court, however.

Section 5563 further provides that the Bureau may apply to a federal district court for enforcement of any effective and outstanding order, which court "shall have jurisdiction and power to order and require compliance therewith." *See id.* § 5563(d)(1). The statute further provides: "Except as provided in this subsection, no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order or to review, modify, suspend, terminate, or set aside any such notice or order [by the Bureau]." *See id.* § 5563(d)(2). The Bureau seeks an order of enforcement from this Court pursuant to Section 5563(d).

In opposition to the petition, Mr. Carnes argues that the Bureau's Final Order is not valid and enforceable. He concedes that the statute allows only the Tenth Circuit to address that argument and that he is not permitted to argue the merits to this Court. He therefore requests instead that this Court, as gatekeeper, exercise its discretion to delay its resolution of the petition so that the Tenth Circuit may have time to hear respondents' appeal. As set forth above, however, Section 5563 does not permit this Court to stay enforcement of or suspend the Final Order, and Mr. Carnes's request for a delay is tantamount to a request for just such a stay or suspension.

Respondents do not dispute that they were served with the Final Order (which they then appealed to the Tenth Circuit) or that they have not complied fully with it. Section 5563 authorizes this Court only to enforce the Final Order, and the power to suspend the Final Order or stay its enforcement rests only with the Tenth Circuit. Mr. Carnes has not cited any authority indicating that this Court may or should refuse to grant a petition for enforcement under this statute.

3

Accordingly, the Court grants the petition for enforcement of the Final Order, and respondents are hereby ordered to comply with the Final Order by paying the restitution and civil penalties imposed and by cooperating as directed. Judgment will be entered in favor of the Bureau to that effect, which judgment shall incorporate the Bureau's Final Order.

IT IS THEREFORE ORDERED BY THE COURT THAT Consumer Financial Protection Bureau's petition seeking an order and judgment enforcing its own Final Order of January 11, 2021, that imposed obligations on respondents Integrity Advance, LLC and James Carnes is hereby **granted**; respondents are ordered to comply with the Final Order, and judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 30th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge