# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INTEGRITY ADVANCE, LLC and JAMES R. CARNES, | ) ) ) |
| Defendants. | ) ) ) |

Case No. 21-mc-206-DDC-TJJ

## ORDER PERMITTING REDACTION

This matter is before the Court on the Motion to Seal (ECF No. 175) filed by Defendant James Carnes ("Carnes"). Pursuant to D. Kan. Rule 5.4.2, he requests three redactions of his business client's identity from Plaintiff's application for a writ of garnishment ("the Application") (ECF No. 172). In support of his motion, Carnes argues the identity of his client is competitively sensitive to his consulting business, so he has a significant interest in redacting this information from the public record. Carnes also claims his client has a significant privacy interest in nondisclosure as a non-party who lacks any expectation that its information would be disclosed in this case. He further argues the public's interest in the few, narrowly tailored proposed redactions is low because the information is included in the procedural application for a writ of garnishment and not a substantive motion. Plaintiff opposes the motion, arguing Carnes fails to identify a confidential interest that outweighs the presumption of public access, and a clearly defined and serious injury that would result if this information is not redacted. For the reasons discussed below, the motion to redact the Application is granted.

On January 11, 2024, Plaintiff filed the Application in which it identifies one of Carnes' consulting business clients as a garnishee. The client's name and other identifying information appears three times in the Application: once in the caption and twice in the third paragraph. Plaintiff filed the Application provisionally under seal pursuant to D. Kan. Rule 5.4.2(a) and provided notice of a proposed sealed record that same day to Carnes (ECF No. 173). The notice is unclear whether notice was also provided to Carnes' client named in the Application.

Under D. Kan. Rule 5.4.2(c), a proponent seeking to maintain the seal for any portion of a document provisionally filed under seal, or to allow the document to be filed in the public record with redactions, must file a motion to seal or redact. The motion to seal or redact must include: (1) a description of the specific portions of the document the proponent asks to be sealed or redacted; (2) the confidentiality interest to be protected and why that interest outweighs the presumption of public access; (3) the injury that would result in the absence of restricting access; and (4) why no lesser alternative will adequately protect the confidentiality interest in question.[1]

These requirements incorporate the longstanding common-law right of public access to judicial records, in which federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents.[2] The Court, however, has "discretionary power to control and seal, if necessary, records and files in its possession."[3] In exercising this discretion, the court considers "the relevant facts and circumstances of the case and

---

[1] D. Kan. Rule 5.4.2(c)(1)–(5).

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

balances the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[4] The presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access."[5] Additionally, that the document is "confidential" within the meaning of the parties' protective order has no bearing on whether the document should be filed under seal.[6] Finally, "[w]hen a piece of information or a data point qualifies for restricted access, the court must make that restriction no greater than necessary to serve the interest deserving of protection."[7]

Analyzing the motion under these standards, the Court finds Carnes has articulated a substantial interest that justifies overriding the public's substantial interest in the limited information he seeks to redact from the Application. Carnes contends disclosure of the identity of his client could harm his consulting business, which is a primary source of his income (Plaintiff has frozen most of his assets). Carnes has further shown that a clearly defined and serious injury

---

[4] *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 710126, at *1 (D. Kan. Mar. 5, 2007) (citations omitted). *See also Assessment Techs. Inst., L.L.C. v. Parkes*, No. 2:19-CV-2514-JAR-KGG, 2020 WL 1433470, at *1 (D. Kan. Mar. 24, 2020) ("The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture.").

[5] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)(quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[6] *Dryden v. City of Hays, Kan.*, No. 11-1354-KHV, 2012 WL 966170, at *1 (D. Kan. Mar. 21, 2012) (citation omitted).

[7] *Edelman Fin. Engines, LLC v. Harpsoe*, No. 19-2026-DDC-GEB, 2020 WL 1303991, at *1 (D. Kan. Mar. 19, 2020).

could result if the information is not redacted, namely the loss of this client's consulting business and the corresponding loss of income from that client. The Court further notes the parties agreed that "the identities of the clients for which Carnes and/or Carnes' consulting business performs or has performed services" would be protected "Confidential Information" under the Agreed Protective Order filed in this case. The Court recognizes that the mere designation of information as confidential pursuant to an agreed protective order by itself is insufficient to satisfy the Court's requirements for filing under seal, but here Plaintiff's agreement to include the client identified within the protective order is inconsistent with its position now opposing the redaction of this information. That Carnes has not moved to redact garnishees in other applications is not persuasive as those garnishees may not be current or significant clients to Carnes' consulting business. The Court further finds the limited nature of the redactions requested in a non-substantive, procedural application for writ of garnishment further justifies granting the motion.

**IT IS THEREFORE ORDERED** that Defendant James Carnes' Motion to Seal (ECF No. 175) is granted. The request that the provisionally sealed Application for Writ of Garnishment (ECF No. 172) remain under seal and that a redacted version be filed in the public record is granted. The three references to the identity of Carnes' client in the caption and third paragraph shall be redacted from the Application. Counsel who provisionally filed the Application under seal is directed to file the redacted document in the public record forthwith using the Redacted Document event. The provisionally sealed document will remain sealed, and the clerk is directed to remove the provisional designation from the Application.

**IT IS SO ORDERED.**

Dated February 12, 2024 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

4