IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRITY ADVANCE, LLC and JAMES R. CARNES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 21-mc-206-DDC-TJJ<br>)<br>)<br>)<br>)<br>) |

## ORDER REGARDING REQUESTS FOR HEARINGS ON WRITS OF GARNISHMENT

Plaintiff filed this miscellaneous action seeking to enforce its judgment against Defendants under the postjudgment remedies provisions of the Federal Debt Collection Procedures Act.[1] This matter is before the Court on the Requests for Hearing (ECF Nos. 193 and 218) filed by Defendant James Carnes ("Carnes"). Pursuant to 28 U.S.C. § 3205(c)(5), he requests hearing(s) on the Writs of Garnishment issued to Garnishee Grushko and Mittman PC ("G&M") (ECF Nos. 182 and 214). As explained below, Carnes' First Request for Hearing (ECF No. 193) is moot and Second Request for Hearing (ECF No. 218) is denied.

**First Writ of Garnishment to G&M**

A Writ of Garnishment was issued in this case on February 13, 2024 (ECF No. 182) and served on G&M on February 20, 2024 ("First Writ of Garnishment"). On March 5, 2024, Carnes filed his Motion, request for hearing, and claim for partial exemption with regard to the First Writ

---

[1] 28 U.S.C. § 3201 et seq.

of Garnishment (ECF No. 193) ("First Request for Hearing"). On March 7, 2024, G&M filed its Answer (ECF No. 194) to the First Writ of Garnishment, reflecting that it had no property in its custody, control, or possession in which Carnes maintains an interest, and affirmatively stating: "The Garnishee is in no manner and upon no account indebted or under liability to the Judgment Debtor, and the Garnishee does not have in Garnishee's possession or control any property belonging to the Judgment Debtor, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action . . . ." (ECF No. 194).

On March 13, 2024, the Court contacted counsel via email to inquire whether they agreed Carnes' First Request for Hearing (ECF No. 193) was now moot in light of the statements made in G&M's Answer. Carnes' counsel responded that he agreed his First Request for Hearing was moot, but Plaintiff's counsel responded that Plaintiff did not believe the First Request for Hearing was moot and it intended to file a response to it.

Plaintiff filed its Response (ECF No. 197) on March 19, 2024 and an Objection to Garnishee G&M's Answer to Writ of Garnishment (ECF No. 199) on March 26, 2024. In its Objection, it requested G&M be required to file an amended answer including an accounting of funds paid to Carnes since receipt of the garnishment or that the Court schedule a hearing in accordance with 28 U.S.C. § 3205(c)(5). Carnes filed his Reply (ECF No. 201) on March 26, 2024, stating his exemption claim and hearing request were "not yet ripe," and noting that the "Court need not resolve [Carnes's] exemption claim regarding the [First Writ of Garnishment] yet because, based on the current answers to the Writ [194] there is nothing to resolve." Plaintiff subsequently advised the Court that it no longer believed a hearing was necessary on G&M's Answer to the First Writ of Garnishment. It later filed its Notice (ECF No. 219) withdrawing its

objections, but noted the Writs of Garnishment are continuing writs under Section 3205(a) and remain in place.

Both Carnes and Plaintiff have withdrawn their requests for hearing as to the First Writ of Garnishment. The Court therefore finds that Carnes' First Request for Hearing (ECF No. 193) is moot.

**Second Writ of Garnishment to G&M**

On April 5, 2024, Plaintiff filed an application for a second writ of garnishment (ECF No. 213), and a Writ of Garnishment (ECF No. 214) was issued to G&M that same day ("Second Writ of Garnishment").

On April 24, 2024, G&M filed its Answer (ECF No. 217) to the Second Writ of Garnishment, which is similar in all material respects to its Answer to the First Writ of Garnishment, once again denying that it has custody, control or possession of any property of Carnes and stating it does not anticipate owing funds, accounts, monies, stock, or earning to Carnes in the future.

On April 26, 2024, Carnes filed another Request for Hearing and claim for partial exemption (ECF No. 218) ("Second Request for Hearing"). Carnes objects to the Second Writ of Garnishment because, "although he does not expect to receive payments from the garnished entities in the near future (and may never receive further payments from the entities), any payments subject to the writ would be partially exempt under Kansas's wage exemption statute."

The Court denies Carnes's Second Request for Hearing with regard to the Second Writ of Garnishment based upon G&M's Answer denying that it has in its possession, custody or control any property of Carnes and stating it does not anticipate owing funds, accounts, monies, stock, or

earnings to Carnes in the future. As a result, as Carnes noted previously with regard to the First Writ of Garnishment, his exemption claim and Second Request for Hearing are "not yet ripe." Simply put, given G&M's Answer, the Court finds there is no exemption issue for the Court to decide at this time and therefore no reason to conduct a hearing at this time.

**IT IS THEREFORE ORDERED** that Defendant James Carnes' First Request for Hearing (ECF No. 193) is moot and Second Request for Hearing (ECF No. 218) is denied.

**IT IS SO ORDERED.**

A copy of this Order will be sent to Garnishee Grushko and Mittman PC by regular mail and email.

Dated May 1, 2024 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge