IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Petitioner,

v.

INTEGRITY ADVANCE, LLC, et al.,

    Respondents.

Case No. 21-206-DDC-TJJ

# MEMORANDUM AND ORDER

The Consumer Financial Protection Bureau (Bureau) continues its efforts to collect a $43 million judgment it secured against respondent James R. Carnes. Over several years, the Bureau has used various procedural devices trying to collect from Mr. Carnes. Because the Bureau is a federal government entity, the Federal Debt Collection Procedures Act (FDCPA) provides the only means of enforcement available to the Bureau.

But here, the Bureau asked the court to reach beyond the FDCPA's means to attach Mr. Carnes's interests in eight LLCs.[1] *See* Doc. 67 at 2–3. And it didn't mention the FDCPA in its request. *See generally id.* In July 2023, on the Bureau's request, the court issued a Charging Order under Kan. Stat. Ann. § 17-76,113(a). Doc. 155. The Charging Order attached Mr. Carnes's interests in eight LLCs. *Id.* at 3. Mr. Carnes didn't object to the Charging Order before it issued. But later he filed a Motion to Alter or Amend the Charging Order (Doc. 158) and a Motion for Payment of Exempt Wages (Doc. 178). And the Bureau filed a Consent Motion to

---

[1] The Bureau submitted a proposed order with its application. *See* Doc. 158 at 2 (noting the proposed order).

Modify the Charging Order (Doc. 267) and another Application for a Charging Order (Doc. 207) to attach interests in two more LLCs. Those motions are pending.

But the court had developed its own suspicion that the FDCPA garnishment provision, 28 U.S.C. § 3205, preempted Kan. Stat. Ann. § 17-76,113(a). And it previewed its suspicion in a November 2024 Memorandum and Order. *See generally* Doc. 280. The court now has concluded that it must follow the proper procedure—supplied by applicable federal law. *See* Fed. R. Civ. P. 69(a)(1). And the court, after reviewing the parties' briefs responsive to its November 2024 Order, concludes its suspicion was correct: the FDCPA preempts the Kansas charging order statute, as discussed below. And so, this Order vacates the Charging Order (Doc. 155). It also denies as moot the Motion to Alter or Amend the Charging Order (Doc. 158), Motion for Payment of Exempt Wages (Doc. 178), and Consent Motion to Modify the Charging Order (Doc. 267). And it denies as preempted the new Application for a Charging Order (Doc. 207). The court explains these decisions, next.

I.      The Federal Debt Collection Procedures Act & State Preemption

Federal Rule of Civil Procedure 69 guides federal courts when enforcing money judgments. It instructs federal courts to follow the procedure of the pertinent state, except that "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Because the Bureau is a federal entity, it collects judgment debts under the FDCPA, 28 U.S.C. §§ 3001–3308.[2] The FDCPA thus supplies the relevant procedures here. *See Fed. Deposit Ins. Corp. v. Greif*, No. 00-2170-KGG, 2020 WL 4436372, at *2 (D. Kan. Aug. 3, 2020) (referring to the FDCPA and

---

[2] The FDCPA provides "procedures for the United States . . . to recover a judgment on a debt[.]" 28 U.S.C. § 3001(a). "United States" includes federal agencies, commissions, boards, "or other entit[ies]." *Id.* § 3002(15). And a "debt" includes "an amount that is owing to the United States on account of a . . . penalty, restitution, [or] damages[.]" *Id.* § 3002(3)(B).

explaining that the FDCPA is "a federal law controlling an agency of the federal government seeking to enforce a judgment").

These procedures are "the *exclusive* civil procedures for the United States . . . to recover a judgment on a debt[.]" 28 U.S.C. § 3001(a) (emphasis added). Congress designed this statute to provide "for nationwide procedural uniformity in the collection of sums owed the United States." 136 Cong. Rec. 36926 (1990) (statement of Rep. Fish); *see also Greif*, 2020 WL 4436372, at *2 ("Prior to the FDCPA, the diversity of states' laws with respect to the federal debt collection interfered greatly with the efficiency of enforcement activity, leading Congress to create the FDCPA in 1990 in order to alleviate that conflict."). And the FDCPA preempts state law where inconsistencies exist. 28 U.S.C. § 3003(d).

The court thus posed a question to the parties: Does the FDCPA preempt the use of the Kansas charging order statute, Kan. Stat. Ann. § 17-76,113, here? *See* Doc. 280 at 4. To be sure, the FDCPA doesn't have a provision called "charging orders"—or anything like it. *See* Kan. Stat. Ann. § 17-76,113. But the FDCPA does provide a post-judgment collection mechanism labeled "Garnishment," that may apply. 28 U.S.C. § 3205.

Both parties briefed the question. Mr. Carnes posits that the FDCPA preempts the charging order statute and asks the court to vacate the existing Charging Order (Doc. 155). Doc. 303 at 1–2. The Bureau is less certain. It argues the "FDCPA *may* preempt the Kansas charging order statute" here. Doc. 304 at 1 (emphasis added). But, as precaution, the Bureau filed several applications for writs of garnishment over Mr. Carnes's LLC interests. *Id.* at 3. The court evaluates the preemption question, below, beginning with textual analysis of the statute and concluding with a survey of court approaches.

A. Text of 28 U.S.C. § 3205

The FDCPA garnishment provision's text is strong evidence that it preempts the Kansas charging order statute at issue here. The FDCPA provision provides:

> A court may issue a writ of garnishment against *property* (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a *person* other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located.[3] A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

28 U.S.C. § 3205(a) (emphasis added). Other pertinent FDCPA provisions clarify how the garnishment provision reaches LLC interests.

The FDCPA defines "property" as "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or *intangible*, vested or contingent, wherever located and however held[.]" *Id.* § 3002(12) (emphasis added). And this universe of property interests qualify for a writ of garnishment if they are controlled by "a person other than the debtor[.]" *Id.* § 3205(a). The FDCPA defines "person" to include "a corporation, a partnership, an unincorporated association . . . or *any other public or private entity*[.]" *Id.* § 3002(10) (emphasis added). So, the court reasons, an interest in a business entity is garnishable "property."

The FDCPA garnishment provisions that identify business entities as proper garnishees bolster this conclusion. The garnishment statute provides that an association, corporation, or partnership is a proper garnishee for ownership interests in those types of organizations. *See id.* § 3205(b)(2). And while the statute doesn't mention limited liability companies expressly, the

---

[3] Neither party has suggested that Mr. Carnes co-owns any of his ownership interests in the LLCs.

4

cited subsection—§ (b)(2)—supports the conclusion that ownership interests in business entities qualify as garnishable property.

But what does the Kansas charging order statute allow? It permits a judgment creditor to attach the LLC interests of a judgment debtor. It provides:

> On application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment. To the extent so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of such limited liability company interest.

Kan. Stat. Ann. § 17-76,113(a).

Mr. Carnes owns an intangible property interest in a number of LLCs. And the LLCs control those property interests. By its terms, the FDCPA garnishment provision encompasses Mr. Carnes's LLC interests. Under Kansas law, LLC interests are accessible only through a charging order. *See id.* § 17-76,113(d) ("The entry of a charging order is the exclusive remedy by which a judgment creditor of a member . . . may satisfy a judgment out of the judgment debtor's [LLC] interest[.]"). So, the court holds that the Kansas charging order statute is inconsistent with the FDCPA. This means that the FDCPA garnishment provision preempts Kan. Stat. Ann. § 17-76,113(a) here. *See* 28 U.S.C. § 3003(d) (FDCPA preempts inconsistent state law).

Federal courts across the country have reached—at least implicitly—similar conclusions. Here's what they concluded.

### B. Court Approaches

Other courts have used the FDCPA garnishment provision to attach a judgment debtor's LLC interests. Or they've come close to the issue. And while some courts reach contrary

conclusions, the court concludes our Circuit would join the weight of authority and thus preempt Kansas law.

For starters, a number of cases treat LLC interests as "property" subject to the FDCPA garnishment provision. *See, e.g.*, *United States v. Rogan*, 639 F.3d 1106, 1107–08 (7th Cir. 2011) (recognizing that judgment debtor's LLC interest was "property" subject to FDCPA writ of garnishment); *Webb v. United States*, No. 10-CV-294-CRS-CHL, 2023 WL 2529555, at *2–3 (W.D. Ky. Jan. 18, 2023) (providing some analysis why defendant's LLC interest in a single-member LLC—including his share of profits and distributive share—was subject to FDCPA's writ of garnishment); *United States v. Belfort*, 340 F. Supp. 3d 265, 268 (E.D.N.Y. 2018) (concluding LLC membership interests are subject to "full garnishment" under the FDCPA because they do not qualify as earnings subject to exemption); *United States v. Wilhite*, No. 00-cr-504-CMA, 2017 WL 4572321, at *7–8 (D. Colo. Oct. 13, 2017) (concluding that membership interest in LLC constitutes "property" subject to FDCPA and federal tax lien statute).

Other cases, however, reach the opposite conclusion. In those cases—where the FDCPA governed federal debt collection—the judgment creditor attached LLC interests under state charging order statutes. But, from the court's research, these cases are older and fewer and farther between. *See, e.g.*, *United States v. Chen*, No. 4-00859-PMP-PAL, 2010 WL 11571012, at *2–3 (D. Nev. June 9, 2010) (explaining parties' disagreement whether FDCPA preempted state charging order statute); *Chen*, No. 4-00859-PMP-PAL, ECF 285 (D. Nev. Nov. 18, 2010) (issuing charging order to attach LLC interests after much dispute about whether the LLC interests were subject to FDCPA's garnishment statute); *cf. FTC v. Peoples Credit First, LLC*, No. 3-CV-2353-T-TBM, 2006 WL 1169677, at *2 n.5 (M.D. Fla. May 3, 2006) (not applying

6

FDCPA at all but holding, instead, that defendants must surrender their LLC interests to receiver under Florida's charging order statute).

*Chen* recognized and analyzed the tension between the FDCPA's garnishment provision and a state charging order statute. There, defendant debtor argued that a charging order, not FDCPA garnishment, was the proper way to "collect against any LLC or other entity in which the Defendant has an interest[.]" *Chen*, 2010 WL 11571012, at *1 (D. Nev. June 11, 2010). The government responded, arguing that the FDCPA preempted the state charging order statute, so it needn't seek a charging order. *Id.* at 2. Later, relying on the FDCPA's garnishment provision, the government sought to garnish defendant's LLC interests. And, after oral argument, the court concluded that defendant's membership interest in the LLC didn't create a garnishable interest in the *LLC*'s *property*, but that defendant's interest in *disbursements from the LLC* perhaps was garnishable. *Chen*, No. 4-00859-PMP-PAL, ECF 281 (D. Nev. Oct. 19, 2010). *Chen* didn't explain this statement and, without explaining its decision, the court issued charging orders under state law attaching defendant's LLC interests. *Chen*, No. 04-00859-PMP-PAL, ECF 285 (D. Nev. Nov. 18, 2010). So, at least one court has concluded—albeit implicitly—that the FDCPA doesn't preempt a state charging order statute.

With all respect for *Chen*'s apparent conclusion, the court sides with the more recent decisions from the Seventh Circuit (*Rogan*) and federal district courts in Kentucky (*Webb*), New York (*Belfort*), and Colorado (*Wilhite*). *Chen* didn't have the opportunity to consider the reasoning in those four more recent decisions. And while *Chen*'s conclusion has some appeal, the court is persuaded that our Circuit is more likely to adopt the court charted by those more recent cases. The court thus concludes that the FDCPA garnishment provision preempts the Kansas charging order statute in this case. *See* 28 U.S.C. § 3003(d). The FDCPA creates a

viable mechanism to attach Mr. Carnes's LLC interests. *Id.* § 3205. And both the statute's text and the weight of authority supports this conclusion.

## II.  Conclusion

Finding Kan. Stat. Ann. § 17-76,113(a) preempted here, the court vacates the existing Charging Order (Doc. 155). The court does so under Fed. R. Civ. P. 60(a).[4] Three pending motions rely on the now-vacated Charging Order (Doc. 155): the Motion to Alter or Amend the Charging Order (Doc. 158), Motion for Payment of Exempt Wages (Doc. 178), and Consent Motion to Modify the Charging Order (Doc. 267). So, all three motions are moot and the court denies them for that reason.

The remaining Application for a Charging Order (Doc. 207) seeks to attach Mr. Carnes's LLC interests in two more LLCs under Kan. Stat. Ann. § 17-76,113(a). Doc. 207 at 1–2. The court denies this application because the FDCPA garnishment provision preempts Kan. Stat. Ann. § 17-76,113(a).

**IT IS THEREFORE ORDERED THAT** the Charging Order (Doc. 155) is vacated.

**IT IS FURTHER ORDERED THAT** the Motion to Alter or Amend the Charging Order (Doc. 158) is denied as moot.

**IT IS FURTHER ORDERED THAT** the Motion for Payment of Exempt Wages (Doc. 178) is denied as moot.

**IT IS FURTHER ORDERED THAT** the Consent Motion to Modify the Charging Order (Doc. 267) is denied as moot.

---

[4]  "The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

**IT IS FURTHER ORDERED THAT** the Application for a Charging Order (Doc. 207) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of December, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**